[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3.
 {¶ 2} Defendant-appellant, Claudette Roberson, appeals from the judgment of the trial court in favor of plaintiffs-appellees, Pye, Inc., George Pye, and Dorothy Pye, on Roberson's counterclaim for retaliation under R.C. 5321.02.
 {¶ 3} Roberson, appearing pro se, presents for our review a single assignment of error and separate issues for our review. We have recast her arguments into three assignments of error, which we will address out of order.
 {¶ 4} In her third assignment of error, Roberson argues that the trial court erred by dismissing her retaliation claim for insufficient evidence. We disagree. A directed verdict must be granted "when there is no evidence tending to prove an essential element of the plaintiff's cause of action."[1]
 {¶ 5} The plaintiffs instituted an eviction action against Roberson, their tenant, for nonpayment of rent, as authorized by R.C. 5321.03(A)(1). But plaintiffs dismissed their action upon her proof of payment of rent. Roberson's counterclaim for retaliation survived. The retaliation claim was based upon R.C. 5321.02, which prohibits retaliatory conduct of landlords where a tenant has complained either to the landlord or to an appropriate government agency of a violation that materially affects health and safety.[2] Roberson alleged that plaintiffs had initiated their eviction action in retaliation for her complaints about poor conditions within her apartment.
 {¶ 6} At trial, the evidence did not demonstrate that the eviction action had been commenced by plaintiffs as a result of Roberson's complaints to them or to an appropriate government agency. Roberson merely presented evidence of a notice of violation from the city building department issued well after the eviction action had been instituted. Because Roberson failed to present evidence tending to prove an essential element of her retaliation claim, the trial court properly granted a directed verdict in favor of the plaintiffs. We overrule the third assignment of error.
 {¶ 7} Roberson's second assignment of error alleges that the trial court erred by refusing to consider her motion for summary judgment. Civ. R. 56(A) provides that once an action has been set for trial, a motion for summary judgment may be made only with leave of court. The record demonstrates that the court had set the case for trial months before Roberson filed her motion. Because we cannot say that the trial court abused its discretion in refusing to consider Roberson's untimely motion, we overrule the second assignment of error.[3]
 {¶ 8} Finally, Roberson's first assignment of error, which alleges that the trial court erred by failing to require the plaintiffs to comply with Civ. R. 25, which controls the substitution of proper parties upon a party's death, is rendered moot by our resolution of the third assignment of error.
 {¶ 9} Accordingly, we affirm the judgment of the trial court.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
 Sundermann, P.J., Gorman and Winkler, JJ.
[1] Rogers v. Armstrong, 1st Dist. No. C-010287, 2002-Ohio-1131, citingBoewe v. Ford Motor Co. (1994), 94 Ohio App.3d 270, 281, 640 N.E.2d 850.
[2] See R.C. 5321.02(A)(1).
[3] See, e.g., Juergens v. Strang, Klubnik Assoc., Inc. (1994),96 Ohio App.3d 223, 644 N.E.2d 1066.